UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JUANA CASTILLO AVELAR                    CIVIL ACTION NO. 6:26-CV-00373

VERSUS                                    JUDGE TERRY A. DOUGHTY

SCOTT LADWIG, ET AL                  MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause (doc. 6) filed by Juana Castillo Avelar ("Petitioner") through counsel. Petitioner is an immigration detainee at the South Louisiana ICE Processing Center ("SLIPC") in Basile, Louisiana, seeking release from detention. According to the petition, Avelar came to the United States from Honduras approximately 20 years ago. Doc. 1, p. 6. Since then, she has lived in Aurora, New York, with her family, including three U.S. citizen children. *Id*. Petitioner was arrested collaterally during an immigration enforcement raid that occurred on September 4, 2025, at her place of employment. *Id*. Immigration authorities initially detained Petitioner in New York and then transferred her to SLIPC, where she remains today.

Petitioner challenges the legality of her continued detention by U.S. Immigration and Customs Enforcement ("ICE"). She argues that while she was granted bond by an Executive Office for Immigration Review ("EOIR") Immigration Judge ("IJ") in December 2025, Respondents continue to detain her, using the automatic stay ("autostay") provision at 8 C.F.R. § 1003.19(i)(2) to prevent her from posting bond and keep her in detention. Doc. 1, p. 2.

Petitioner asks the court to order the Government to respond to the petition within seven days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

> appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr*. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause (doc. 6) is **GRANTED in part** and **DENIED in part**.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within <u>21 days</u> of the date of this Order.  Petitioner shall

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F.Supp. 348 (S.D.W. Va. 1997).

have <u>seven days</u> to reply.  After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

      **THUS DONE AND SIGNED** in chambers this 25th day of February, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**