**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JUANA CASTILLO AVELAR** | **DOCKET NO. 6:26-CV-00373** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SCOTT LADWIG, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Juana Castillo Avelar on February 6, 2026.  Doc. 1.  The Government filed a Response on March 17, 2026 (doc. 8), and the Petitioner filed a Reply on March 25, 2026 (doc. 9).  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court and is now ripe for review.

## I.    BACKGROUND

Petitioner Juana Castillo Avelar, a 44-year-old native and citizen of Honduras, was detained by U.S. Immigration and Customs Enforcement ("ICE") at the South Louisiana ICE Processing Center ("SLIPC") in Basile, Louisiana, at the time of filing the instant petition.  Doc. 1, p. 3.  Petitioner had been in immigration detention since September 4, 2025, when she was detained at a workplace raid in New York.  *Id.*   In December 2025, she was granted bond by an Executive Office for Immigration Review ("EOIR") Immigration Judge ("IJ").   *Id.* at p. 2, ¶ 2. However, Respondents continued to detain her pursuant to 8 C.F.R. § 1003.19(i)(2).  *Id.*

Ms. Avelar filed the instant Petition for Writ of Habeas Corpus alleging a violation of the Due Process Clause of the Fifth Amendment, the APA, 5 USC § 706(2), the INA generally and the *Accardi* doctrine. She asked this Court to assume jurisdiction over the matter of her detention, find the automatic stay of her release pending her appeal of the outcome of bond hearing

unconstitutional, order her immediate release or, in the alternative, allow her to post bond and limit the restrictions on that release.

While the Petition was pending, Petitioner was removed from the United States on March 6, 2026.  Doc. 8, p. 2.  The Government then, in its Response to the Petition, argued that the Petitioner's removal rendered the Petition moot and that it should be dismissed.

In reply, the Petitioner contends that due to the "collateral immigration consequences of her unlawful detention and removal," the Petition is not moot.  Doc. 9, p. 4.  Petitioner complains that she was removed "despite her still-pending BIA appeal of the January 8, 2026 denial of her application for cancellation of removal," and in violation of INA policy that requires "that Respondents not execute any removal order during the pendency of an appeal," citing 8 CFR 1003.6(a).  *Id.* at 2.  She asks this Court to "grant the writ, declare that Respondents' use of the automatic stay provision was unlawful, and order that when Petitioner is returned, she remain at liberty, or, in the alternative, hold the petition in abeyance pending Petitioner's return by Respondents."  *Id*. at p. 8.

## II.    LAW AND ANALYSIS

"A court lacks subject matter jurisdiction when a case becomes moot."  *Stocker v. TDCJ Staff*, No. 2:23-CV-00248, 2025 U.S. Dist. LEXIS 164828, 2025 WL 2425197, at *2 (S.D. Tex. July 24, 2025) (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78-79, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013)). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks omitted) (quoting *Already, L.L.C. v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013)). "[W]hen the controversy between parties 'has resolved to the point that they no longer qualify as adverse parties

with sufficient legal interests to maintain the litigation, courts are without power to entertain the case.'" *Id.* (internal quotation marks and original alteration omitted) (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 324 (5th Cir. 2009)).

"[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot, *i.e.*, that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Etuk v. Bondi*, No. 3:24-CV-02640-B (BT), 2025 U.S. Dist. LEXIS 131837, 2025 WL 1908738, at *2 (N.D. Tex. Apr. 22, 2025) (alteration and emphasis in original) (quoting *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004)), *adopted*, No. 3:24-CV-02640-B (BT), 2025 U.S. Dist. LEXIS 131009, 2025 WL 1908169 (N.D. Tex. July 10, 2025). "A case or controversy may continue to exist where 'the petitioner is no longer detained but the claimed violation's adverse consequences continue.'" *Id.* (quoting *Nieto Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir. 2014)). "For example, a habeas petition challenging the grounds for removal is not moot once the petitioner is deported if there is some persisting harm, such as a ban on reentry." *Id.* (quoting *Nieto*, 583 F. App'x at 332).

Petitioner relies on the United States Fifth Circuit Court of Appeals' ruling in *Zalawadia v. Ashcroft*, 371 F.3d 292, 294 (5th Cir. 2004) in support of her position that her habeas petition is not rendered moot by her removal because she can demonstrate ongoing collateral consequences. She argues her unlawful removal by Respondents subjects her to potential bars to re-entry, rendering her habeas petition an ongoing live controversy. *See* 8 U.S.C. § 1182(a)(9)(A)(ii) (rendering inadmissible for 10 years noncitizens who have been previously removed); 8 U.S.C. § 1182(a)(9)(B)(i)(II) (rendering inadmissible for 10 years noncitizens who have departed after being unlawfully present in the U.S. for one year or more). Doc. 9, p. 5.

*Zalawadia*, however, is materially distinguishable from the case at hand. The petitioner in *Zalawadia* was challenging his deportation order. The Petition before this Court challenges Ms. Avelar's detention - not the validity of her removal order - and the remedy sought was "petitioner's immediate release." *See* doc. 1, p. 18. Accordingly, *Oguntuyi v. Manuel*, No. 2:24-CV-1069, 2025 WL 2399184, at *2 (W.D. La. July 21, 2025), *report and recommendation adopted*, No. 2:24-CV-1069, 2025 WL 2398645 (W.D. La. Aug. 18, 2025), cited by the Respondents, is instructional.

The Petitioner argues that *Oguntuyi* is inapplicable because the court in that case was unable to grant the relief Mr. Oguntuyi requested, as he had asked only for release from custody. In the present case, Petitioner claims that because she "sought declaratory relief, including for causes of action based on the Administrative Procedure Act (APA) and *Accardi* doctrine," her controversy remains live. Doc. 9, p. 6. This argument is misplaced. While Petitioner did invoke the APA and *Accardi* Doctrine, she did so in the context of arguing that the Respondent's deployment of the automatic stay after an immigration judge granted her bond was violative of the Fifth Amendment, the APA and the *Accardi* Doctrine. Doc. 1, p. 23. The only relief sought in the Petition was Ms. Alvera's release. *Id*.

A habeas petition is moot "if the petitioner's 'claimed grounds for relief go only to [his] detention . . . [but] not the underlying removal proceedings or its collateral consequences.'" *Etuk, supra,* at *6 (quoting *Nieto*, 583 F. App'x at 331-32); *see also Kordia v. Noem*, No. 3:25-CV-01072-L-BT, 2026 U.S. Dist. LEXIS 57569, 2026 WL 773087, at *1-2 (N.D. Tex. Mar. 19, 2026) (dismissing habeas petition as moot because petitioner was released); *Garcia- Villarroel v. Tate*, No. 4:26-cv-2651, 2026 U.S. Dist. LEXIS 119175 at *3, (S.D. Tex. May 12, 2026), *report and recommendation adopted*, 2026 U.S. Dist. LEXIS 117117 (S.D. Tex. May 27, 2026); 2026 U.S.

Dist. LEXIS 119175 *Wilfredo R. v. Noem*, No. 3:25-CV-1702-D-BK, 2025 U.S. Dist. LEXIS 254755, 2025 WL 3520307, at *1-3 (N.D. Tex. Nov. 4, 2025) (same), *adopted*, No. 3:25-CV-1702-D, 2025 WL 3517779 (N.D. Tex. Dec. 8, 2025).  Thus, the petition is now moot because the Court can no longer award Ms. Alvera any relief related to her detention or the alleged due process and statutory violations.  *Garcia-Villarroel, supra*, at *3 (citing *Etuk*, *supra*, at *3).

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED in chambers this 8th day of June, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE